IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SAUNDERS,                    *

Plaintiff,                           *

v.                                   *        Civil Action No. PX-22-1895

WARDEN, *et al.*,                    *

Defendants.                          *
                                    ***

## MEMORANDUM OPINION

Plaintiff Michael Saunders, a Maryland inmate, has filed suit alleging that Defendant correction officers[1] violated his Eighth Amendment right to be free from cruel and unusual punishment.  ECF Nos. 1, 3, 6, 10.  He also alleges that officers opened and read his legal mail.  ECF No. 6 at 2.  Defendants move to dismiss the complaint for failure to state a claim.  ECF No. 45.[2]  The matter is now ripe for review, with no need for a hearing.  *See* Loc. R. 105.6.  For the following reasons, the motion is denied in part and granted in part.  The Court will also appoint counsel to represent Saunders.

### I.    Background

The Court accepts the complaint facts as true and most favorably to Saunders.  On March 24, 2022, while Saunders was housed in the 5C corridor of the Maryland Reception, Diagnostic

---

[1] Saunders also named the Governor of Maryland as a Defendant.  ECF Nos. 1, 6.  However, Saunders does not allege that the Governor participated directly in any wrongdoing.  Because constitutional deprivation claims brought pursuant to 42 U.S.C. § 1983 attach only where an individual defendant participated personally in the alleged deprivation, *see Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001), Saunders' claims against the Governor shall be dismissed.

[2] Counsel accepted service and filed the motion on behalf of Defendants Warden Thomas Wolfe, former Security Chief Michelle Mann, Lieutenant Joseph Reed, Lieutenant Guy Fields, Sergeant Jamie Brown, and Correctional Officers Sarvice, Desrosiers, Springer, and Obasuyi.  ECF No. 45.  Although service was not accepted on behalf of Officer Joseph, Officer Adams, Lt. Boddie, or Officer Ringgold, because the Court is granting Saunders an opportunity to file a second amended complaint, the Court will not address these individuals here.

and Classification Center ("MRDCC"), Officer Desrosiers asked Saunders to put on three-piece handcuffs.  ECF Nos. 1, 3.  Saunders explained that his right hand was broken and asked Officer Desrosiers to call the medical department for confirmation.  Officer Desrosiers refused and instead directed Saunders to comply with her order.  ECF No. 3-1 at 1.  Officer Desrosiers then instructed Saunders to walk down the tier.  *Id.*

Three officers escorted Saunders.  Officer Desrosiers next accused Saunders of attempting to escape and called for backup.  *Id.*  When Lieutenant Reed arrived, Saunders tried to explain himself, but Reed sprayed Saunders with mace.  *Id.*  Saunders fell to the ground, Officer Sarvice struck Saunders in the face, Officer Springer grabbed his neck, and another officer attempted to pull Saunders' arm from the sling that held his broken hand.  *Id.* at 1-2.; ECF No. 6 at 3.  Officer Adams recorded the incident with his cell phone while other officers just watched.

Eventually, Saunders was taken to the medical unit.  He waited for over 30 minutes before being evaluated.  ECF No. 3-1 at 2; ECF No. 6 at 3.  Saunders suffered head injuries, including knots on his temple, and sometimes he lost consciousness.  ECF No. 3-1 at 3.

Saunders reported the incident. Consequently, Chief Mann came to his cell and directed him to "stop pushing this CO assault" or "she will see to it that it happens again."  *Id.*; ECF No. 6 at 3.  Saunders has also asked for, but has not yet received, the video footage of the incident.  ECF No. 6 at 3.  Saunders believes that on September 1, 2022, officers at the Chesapeake Detention Facility ("CDF") opened and read his legal mail.  ECF No. 6 at 2.

## II.   Standard of Review

Defendants move to dismiss the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such a motion tests the legal sufficiency of the allegations.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  Accordingly, the Court accepts the alleged

facts as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Rather, where "sufficient factual matter, accepted as true," states a claim "that is plausible on its face," the claim survives challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.   Discussion

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Notably, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "[N]ot all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (citation omitted).

To sustain an excessive force claim, the Complaint must make plausible that Defendants' use of force had not been exerted in "good-faith effort to maintain or restore discipline," but rather was imposed "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992).  When assessing the plausibility of an excessive force claim, the Court considers several factors, to include the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).  The absence of significant injury alone is not dispositive; if force is applied maliciously and sadistically, then liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. at 38.  And when chemical agents like pepper spray are deployed "in quantities greater than necessary or for the sole purpose of infliction of pain," this use can amount to excessive force. *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (emphasis omitted). *See also McCargo v. Mister*, 462 F. Supp. 813, 818 (D. Md. 1978).

Defendants make only cursory arguments as to why the Complaint fails to state a claim. ECF No. 45-1 at 5.  In fact, Defendants acknowledge that the Officers used physical force on Saunders and pepper sprayed him while others watched.  *See id.*; ECF No. 19-1 at 10.  And yet they maintain, with little justification, that the Complaint fails as a matter of law. The Court disagrees.

The facts, taken as true most favorably to Saunders, make plausible that Defendants used force maliciously and sadistically to cause harm.  According to the Complaint, the Officers collectively jumped Saunders, punched him in the face, grabbed his neck, pulled his broken hand out of the sling, and maced him.  While some vague allegation swirled that Saunders was "trying

to escape," that accusation is belied by the presence of three escorting officers in proximity to him. Nor can the Court look charitably on the Defendants' bare denials when the facility has not yet made the video footage of the incident available, despite Saunders' many requests. Because the Complaint facts "nudge" the excessive force claim "from conceivable to plausible," the claim will proceed.[3] *Twombly*, 550 U.S., at 570.

As to the allegation that officers at CDF opened and read his legal mail, this assertion, without more, does not survive dismissal. Although a prisoner enjoys constitutional protection against officers' interference with his access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), the prisoner must show "'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). Actual injury occurs when a prisoner makes plausible that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 399. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal).

At best, the Complaint makes plausible that officers opened Saunders mail when they should not have. The Complaint says nothing about whether any of Saunders' court cases had been affected by this breach. Thus, the claim is simply too barebones to survive challenge. It shall be dismissed without prejudice.

## IV.    Conclusion

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss as to the

---

[3] Within 14 days of the date of this Memorandum Opinion and accompanying Order, counsel for Defendants shall inform the Court whether it has preserved the video recordings from March 24, 2022, described by Saunders, or provide the reasons why it has not done so.

excessive force claim and grants the motion on the claim concerning his legal mail.  Because Saunders proceeds *in forma pauperis* and is incarcerated, he cannot not adequately litigate this case without the assistance of counsel.  Accordingly, counsel shall be appointed to represent him.  *See* 28 U.S.C. § 1915(e)(1) (the Court may request an attorney to represent any person proceeding in forma pauperis who is unable to afford counsel); *see also Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (stating that courts appoint counsel only in exceptional circumstances).  Within 21 days from appointment, counsel for Saunders shall promptly review the pleadings, file a second amended complaint regarding the excessive force claim, and engage in a good faith meet-and-confer regarding a mutually agreeable schedule regarding the progress of this case.  Thereafter, the parties shall file a joint written status report setting forth proposed discovery and dispositive motions deadlines.

A separate Order follows.

8/22/23
_____
Date

/S/
_____
Paula Xinis
United States District Judge

6